## H. L. BRALY v. A. J. BARNETT.

Decided February 6, 1904.

**1.—Contract—Variance—Different Cause of Action.**
Where plaintiff sued upon a written contract of employment to sell certain property, he was not entitled to recover upon proof showing that the contract had been revoked by defendant, and that the services were rendered under a subsequent oral contract variant in a material particular from the written one, although, except as to such particular, he was to sell "under the terms" of the written contract.

Appeal from the County Court of Donley. Tried below before Hon. B. H. White.

*John W. Veale* and *J. H. O'Neal,* for appellant.

*W. B. Ware,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit in the County Court of Donley County for the sum of $898.10, alleged to be due him as commissions while acting as appellant's agent under a written contract for the sale of certain lands and cattle owned by appellant. The contract declared upon was set out in the petition. It was duly executed by appellant; appointed appellee as agent, and provided among other things for the payment of 5 per cent commission in case appellee "had any connection with procuring the buyer whatever."

Appellant answered by a general denial, and specially that if the contract declared upon had ever been executed as alleged, it had been revoked long before the sale of property charged.

Upon the issues thus formed in the pleadings the court found for appellee in the sum of $796.95, but we see no way to avoid a reversal of the judgment for the error of the court as specified in the ninth and tenth assignments of error, in which complaint is made, to the effect that the evidence fails to support a recovery upon the case made by the petition. The evidence was conflicting on the issue of whether appellee was the efficient cause of the sale, though sufficient perhaps to support a finding that he was. There seems, however, to be no conflict in the testimony to the effect that some time after appellant's execution of the written contract declared upon, he wrote to appellee revoking his authority to act as agent. Among other things the following is taken from the record of appellee's cross-examination: "Mr. Barnett, at the time you received this letter from Braly [meaning the letter of revocation of his authority to act as Braly's agent], it was a revocation, was it not, of your authority? A. Yes; I regarded my agency at an end. Q. Did you consider your authority as his agent annulled at that time? A. Yes. Q. Did you make any effort after that to sell this property to any one? A. No, sir, not until I saw Mr. Braly three or four days afterwards, when he told me, as I have said, that I could go ahead and

sell his property under the terms of the written contract, with this exception, that he would not sell the land without the cattle." If, then, appellee was entitled to recover his commission it was not by virtue of the written contract declared upon, but by virtue of the oral one subsequently made, which, in some particulars was confessedly variant from the written contract. The fact, if found to be true as asserted by appellee, that the subsequent oral contract was "under the terms" of the written one in no manner alters the fact that appellee's right of recovery, if any, must be predicated upon the subsequent contract, and not upon the written. The rule that a cause of action not alleged, though proven, can not form the basis of a decree, is a familiar one. See Mims v. Mitchell, 1 Texas, 443; Letot v. Edens, 49 S. W. Rep., 109; Wisby v. Boyce, 27 S. W. Rep., 590; Railway Co. v. Johnson, 34 S. W. Rep., 187; McGreal v. Wilson, 9 Texas, 426; Roller v. Zundelowitz, 32 Texas Civ. App., 165, 73 S. W. Rep., 1070.

Because the court's findings and judgment are based upon a cause of action not alleged, the judgment is reversed and the cause remanded.

*Reversed and remanded.*