B. F. Hedges v. R. L. Slaughter et al.

Decided May 28, 1910.

</div>

**1.—Contract—Promissory Note—Construction.**

H. entered into a written contract with S. to move a house belonging to S. from one locality to another within a certain time for a certain price; the contract stipulated that H. should forfeit five dollars for each day the completion of the work was delayed; at the same time that the contract was executed, S. advanced to H. $300 to be used in performing the contract, for which sum H. executed his note to S., the note reciting that it was subject to the terms of the contract; when about half performed, H. abandoned the contract. In a suit upon the note, held, the stipulation in the note that it was subject to the terms of the contract did not mean that it was security only for the forfeit of five dollars per day, and S. was entitled to a recovery for the amount of the note.

**2.—Witness—Right to Contradict.**

The rule that a party will not be permitted to impeach the general reputation for truth of a witness introduced by him, does not preclude the party from proving the truth of any particular fact by any other competent testimony in direct contradiction to what the witness may have testified. This

rule applies with special force when the witness sought to be contradicted is the opposing party to the suit and therefore hostile to the party offering his testimony.

### 3.—Contract—Partial Performance—Right of Recovery—Rule.

If an employe abandons his contract, the employer may be charged with only the reasonable worth or the amount of the benefit he has received upon the whole transaction, not to exceed the contract price; and he may reconvene for his damages for the breach of the contract by the employe. When the employe is discharged without cause, or is prevented by the employer from completing the performance, he is entitled to recover for the part performed, and the damages he has sustained by reason of the breach of the contract by the employer. If both parties have broken the contract, or there has been a mutual abandonment of it by both parties, the employe is entitled to recover the reasonable worth of the services he has rendered the employer.

Appeal from the County Court of Midland County. Tried below before Hon. Charley Gibbs.

*Graham B. Smedley,* for appellant. —The court erred in overruling defendant's special exception to that part of plaintiff's petition in which he sought to recover upon the note in the sum of $300. A contract, unless clearly ambiguous, should be construed against the party offering it and in favor of the promissor, and should be so construed as to prevent forfeiture. Faulk v. Dashiell, 62 Texas, 646; Hill v. Still, 19 Texas, 84; Houston, E. & W. T. Ry. Co. v. Keller, 90 Texas, 222.

The court erred in refusing to allow defendant, B. F. Hedges to testify upon the trial of said cause as to what was said by the plaintiff, R. L. Slaughter, at the time of the making of the contract between said Slaughter and this defendant, whereby said Slaughter agreed to furnish this defendant four mules and a man. Pitman v. Holmes, 34 Texas Civ. App., 485; Greenleaf on Evidence, 16th ed., secs. 443b, 444a; Commonwealth v. Bavarian Brew. Co., 80 S. W., 772.

When one party to a contract by his own acts, or by the acts of his authorized agent, prevents the other party from performing the contract or renders the performance thereof impossible, this amounts to a breach of the contract on his part, and the other party is entitled to recover damages for such breach. Hearne v. Garrett, 49 Texas, 619; Duncan v. Johnson, 59 S. W., 116; Freedman v. Lombard Inv. Co., 30 S. W., 370; Kilgore v. Baptist Assn., 90 Texas, 139; Seventh Street Planing M. Co. v. Schaefer, 99 S. W., 541; Campbell v. Howerton, 87 Texas, 370; McLane v. Maurer, 28 Texas Civ. App., 75; McLane v. Elder, 23 S. W., 758.

When a party to an entire contract partially performs the same, and in so doing, renders valuable services beneficial to the other party, even though his failure to perform the same be wilful or without sufficient excuse, he is entitled to recover on *quantum meruit* the reasonable value of the services performed, the other party being allowed to offset against such recovery whatever damages he may have suffered by reason of the failure to fully perform; and the measure of the recovery of the party partially performing, is not the peculiar value of the services to the other party, but their reasonable value. Wanhscaffe v. Pontoja, 63 S. W., 663; City of Sherman v. Conner, 25 S. W., 321; Carroll v. Welch, 26 Texas, 148.

*Caldwell & Whitaker,* for appellee.—Where one party to a suit makes a witness of the other, he thereby places his testimony beyond impeachment. Ratcliff v. Baird, 14 Texas, 47; Paxton v. Boyce, 1 Texas, 325.

The court did not err in instructing the jury upon the measure of the defendant's recovery on the implied contract set up by his alternative plea, for the reason that where a contract is entire, the employee who does not complete the contract, can not recover for part performance of the contract, unless, by part performance of the contract, he has conferred some benefit upon the employer. Carroll v. Welch, 26 Texas, 147.

DUNKLIN, ASSOCIATE JUSTICE.—B. F. Hedges has appealed from a judgment against him in favor of R. L. Slaughter on two promissory notes, plaintiff's right to recover on one of which was not challenged. The other note was for the principal sum of three hundred dollars, executed by Hedges in favor of Slaughter, for money advanced by the latter to enable the defendant to perform his certain contract to move a house from the town of Slaughter, to the town of Midland. The house belonged to Slaughter and by the terms of the contract, he agreed to pay Hedges six hundred and seventy-five dollars for the work to be performed. The note and contract were both dated November 11, 1908, and it was stipulated in the contract that Hedges should complete the work of moving and placing the house on, or before January 1, 1909, and should pay a forfeit of five dollars per day for each and every day after that date, that the completion of the work might be delayed. The note contained a recital that it was subject to the terms of the contract, and the contract contained a stipulation that, should Hedges complete the work undertaken before January 1, 1909, the note should then mature, and the amount due thereon, should be allowed as a credit on Hedges' demand for six hundred and seventy-five dollars, which Slaughter had contracted to pay for the work. The suit was instituted April 19, 1909, and in his petition plaintiff recited the contract as well as the note, and alleged that defendant had not moved the house as he had contracted to do, but had abandoned the contract after moving the house a portion of the distance required.

In his answer, defendant alleged that in addition to the terms of the written contract and after the same had been executed, Slaughter, for a valuable consideration, contracted and agreed to furnish four mules and a driver to assist in the work, but that he wrongfully breached this contract and by reason of such breach, defendant, after moving the house for a distance of about six miles and within a distance of six miles from Midland, was unable to move it any further. And for the alleged breach by plaintiff of his contract to furnish the four mules and a driver, Hedges sought a judgment against Slaughter for seven hundred dollars, as damages sustained, and, in the alternative, for four hundred and fifty dollars as the reasonable value of the services he rendered in the partial performance of the contract.

Appellant contends that as there is a stipulation in the note in effect, that it is subject to the terms of the contract, and as the contract contains no stipulation that the note should be payable according to its terms in the event Hedges should fail to comply with the contract, the

note should be construed as an obligation only to secure the forfeit of five dollars per day stipulated in the contract, and not as an unconditional promise to pay the amount specified. The court did not err in overruling defendant's special exception to plaintiff's petition presenting this contention. The note was for three hundred dollars, which was advanced to Hedges to enable him to perform the services he agreed to perform. It was an unconditional promise to pay that sum on January 1, 1909, and the written contract made contemporaneous with the execution of the note contained no stipulation contravening, nor at variance with that agreement.

The court refused to permit defendant to testify that Slaughter agreed to furnish defendant four mules and a driver to assist in moving the house as long as defendant desired or needed such assistance, as alleged in defendant's answer, on the ground that to do so would be to allow defendant to impeach Slaughter, whom defendant had introduced as his own witness and who had denied that he agreed to furnish the mules and driver as long as defendant desired them, or for any definite length of time. In this ruling there was error. As said by Justice Neill in Pitman v. Holmes, 34 Texas Civ. App., 485, (78 S. W., 965), "The rule that a party will not be permitted to impeach the general reputation of his own witnesses for truth, or to impugn their credibility by general evidence tending to show them unworthy of belief, does not preclude the party from proving the truth of any particular fact by any other competent testimony in direct contradiction to what the witness may have testified." See also, Greenleaf on Evidence, section 443b (16th ed.) The rule above announced applies with special force when the witness sought to be contradicted, is the opposing party to the suit and therefore, hostile to the party offering his testimony.

For a few days, Slaughter did furnish the mules and a driver as he had agreed to do. One, Ogle, was the driver furnished, and one of the allegations in defendant's answer was that Ogle was neglectful of his duties. Slaughter testified that he told defendant to discharge Ogle, and employ another driver in his stead, but the court refused to permit defendant, by his testimony, to contradict Slaughter in this statement, on the ground that he could not impeach his own witness. For the reasons stated above there was error in this ruling, and also, in the further refusal by the court to permit defendant to testify that on or about January 2, 1909, Slaughter ordered him to cease work, Slaughter having denied that he did so.

Complaint is made of a peremptory instruction by the court directing a finding against defendant's plea of breach of contract by plaintiff to furnish mules and a driver. This instruction was given after defendant was erroneously denied the right to sustain his said plea by proof, and doubtless would not have been given if such proof had been admitted.

In the court's instruction to the jury the defendant was denied a right to recover for the services performed by him in moving the house a portion of the distance stipulated in the contract, unless the jury should find that such services were of value to plaintiff, and the value of the same to the plaintiff was made the measure of defendant's re-

very on his counter claim. Upon another trial, the court should be governed by the rule announced in Carroll v. Welch, 26 Texas, 150, which seems to have been uniformly approved by our later decisions, and which fixes the measure of damages in such cases as this. In that case, Chief Justice Wheeler said: "According to the modern decisions and the decisions of this court the rule appears to be, that if the employee abandons his contract, the employer shall be charged with only the reasonable worth or the amount of benefit he has received upon the whole transaction, and in estimating the amount, the contract price can not be exceeded. The former is allowed to recover for his part performance its reasonable worth, not to exceed the contract price, and the latter to recoup or reconvene his damages for the breach of contract by the former. Where the employee is discharged without cause, or is prevented by the employer from completing the performance, he is entitled to recover for the part performed, and the damages he has sustained by reason of the breach of contract by the employer. If both parties have broken the contract, or there has been a mutual abandonment of it by both parties, the employee is entitled to recover the reasonable worth of the services he has rendered the employer." See also, Weis v. Devlin, 67 Texas, 512; Wanhscaffe v. Pontoja, 63 S. W., 664. If, in any of the contingencies stated in the rule quoted above, Hedges is entitled to recover for the services he rendered, then the value of his services would be determined by the usual rule, regardless of whether or not they were of actual value to Slaughter.

For the errors pointed out the judgment is reversed, and the cause remanded.

*Reversed and remanded.*