PEEPLES v. GRIFFITH.  (No. 1542.)

(Court of Civil Appeals of Texas. Amarillo. May 7, 1919.)

1. BROKERS ⬤⟿57(1)—COMMISSIONS.

Where a contract to sell consummated by a broker did not conform to the enlistment contract, the broker is not entitled to recover, unless he can show that the departure from the enlistment was waived by the vendor, his principal.

2. BROKERS ⬤⟿82(4)—COMMISSIONS—RECOVERY—STATUTE.

In an action by a broker for commissions for procuring a purchaser, held, that the petition, though alleging that the vendor, through the plaintiff, executed the contract of sale, must be deemed to have asserted that the contract of sale was executed pursuant to the enlistment contract; hence where evidence showed that terms of sale were contrary to the enlistment contract, and the broker introduced oral statements authorizing a sale on different terms, it was error to refuse to allow the vendor to offer evidence in contradiction thereof, on the theory that, since he did not deny under oath the broker's authority to execute the contract, he should not under Rev. St. 1911, art. 1906, § 3710, on trial offer proof in denial.

Appeal from Dallam County Court; Lawrence Ashby, Judge.

Action by W. L. Griffith against G. W. Peeples. From a judgment for plaintiff, defendant appeals. Reversed and remanded for new trial.

Art Schlofman, of Dalhart, for appellant.
Bailey & Richards, of Dalhart, for appellee.

BOYCE, J. Appellee, as plaintiff in the trial court, recovered of appellant judgment for a sum of money as broker's commission earned in procuring a purchaser for appellant's land. Plaintiff's petition alleged that the defendant entered into a written contract employing plaintiff as broker, to sell certain lands, by the terms of which the defendant listed the land with plaintiff for 30 days from December 19, 1917, at $6.75 per acre, net, one-third cash, balance in one, two, and three years at 6 per cent. interest, and agreed that the plaintiff was to have "all above said price he gets for the land as commission." This contract also provided that the "title is to be taken as it is." The petition further alleged that plaintiff, within the time limited by said contract, procured a purchaser, Robert Gill, who was ready, willing, and able to buy said land, on the terms of the listing contract at a price of $8 per acre. This allegation is followed by an allegation to the effect:

"That on the 22d day of January, A. D. 1918, the defendant, acting by and through his agent, plaintiff herein, made and entered into a written contract of sale of said above-described land and premises with the said Robert Gill."

The provisions of this contract will be stated in detail later. Plaintiff further alleged that having found a purchaser who was ready, willing, and able to buy said land upon the terms of the enlistment, he had earned his commission; but the defendant, through no fault of the plaintiff, breached the contract and refused to convey the property to the said purchaser. The defendant answered by plea to the jurisdiction, special exceptions, and general denial.

We think the plea to the jurisdiction was properly overruled. While the amount for which plaintiff alleged he sold the land in excess of $6.75 per acre was more than $1,000, the contract of enlistment expressly provided that he should make certain payments out of this amount, and the petition shows that these payments would have reduced the amount of his recovery to less than $1,000.

The contract of sale dated January 22, 1918, above referred to, provided that the said purchaser, Robert Gill, should buy said land and pay the defendant therefor one-third cash upon delivery of deed, balance in three notes, in equal amounts, "bearing interest from May 1st, 1918, at six per cent. per annum"; that the defendant should furnish to the said Robert Gill within 30 days after the execution of the contract an abstract of title to said lands, showing the defendant to have a fee-simple title thereto, free and clear from incumbrance, the defendant being at no expense on the abstract. The contract further provided that $500 should be placed by the purchaser in escrow with the First National Bank, as a forfeit, in case the said purchaser should fail to take the land, in the event the defendant should furnish an abstract showing title as therein provided within the time stipulated in the contract. In connection with the introduction of this contract, the plaintiff offered testimony which tended to show that defendant, after said contract was written, read it over and instructed the plaintiff to sign it for him. The testimony proffered by the defendant in contradiction of this oral authority to sign such contract was excluded on plaintiff's objection.

[1, 2] It is clear, we think, that the contract of sale departed from the terms of the written contract of enlistment in the following particulars: In that it did not bind the purchaser to take the land unless the title proved to be acceptable and permitted a consummation at a time beyond the period of the time for sale fixed by the enlistment contract, and bound the defendant to furnish an abstract of title; also, in the provision that the notes should bear interest from May 1, 1918. Since the contract of sale as consummated by plaintiff did not conform to the enlistment contract, it is plain that plaintiff did not show himself entitled to recover unless he should further show that this departure from the terms of the enlistment was waived by the defendant. Goodwin v. Gunter, 185 S. W. 295; Ackers v. Moore, 209 S. W. 241. The purpose of the oral testimony offered by plaintiff, which tended to show that he was authorized to execute this contract of sale as written, was to show such waiver. The appellee justifies the action of the court in admitting such testimony and in refusing to admit evidence offered by defendant in contradiction thereof, on the ground that the plaintiff's petition was founded in part on said contract of sale, which was pleaded as we have stated, and that under articles 1906 and 3710, R. S., the defendant, since he did not deny under oath the plaintiff's authority to execute such contract, could not, on the trial, offer proof in denial thereof.

We entertain serious doubt as to whether the cause of action is so founded on the sales contract as to bring the pleading thereof within the provisions of said articles of the statute. I. & G. N. Ry. Co. v. Lynch, 99 S. W. 160; Heidenheimer v. Beer, 155 S. W. 352; Larrabee v. Porter, 166 S. W. 405; Webb v. Till, 134 Ga. 388, 67 S. E. 1035. We do not decide this, however. But we are of the opinion that the fair conclusion to be drawn from plaintiff's petition is that he was asserting therein that the contract of sale was executed in pursuance to the terms of the enlistment contract and under the authority thereof; that he was pleading the contract of sale as evidencing thereby that he had

complied with the terms of the enlistment contract by securing a purchaser ready, willing, and able to purchase under its terms. The general allegation that defendant, "acting by and through his agent, the plaintiff," executed such contract of sale, is to be considered in connection with the specific allegations of authority conferred by the enlistment contract specially pleaded, and is to be limited thereby. The pleading, therefore, showed on its face that what plaintiff was claiming to have done as entitling him to his commission did not have such legal effect. The oral statements, authorizing the plaintiff to execute a contract for sale on different terms, were in effect a modification of the terms of the enlistment contract, or, as some courts express it, a waiver of some of such terms. Goodwin v. Gunter, 185 S. W. 295. The plaintiff, in order to recover, should have himself pleaded such fact. Prichard v. Foster, 170 S. W. 1077; Braly v. Barnett, 34 Tex. Civ. App. 433, 78 S. W. 965; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979. The defendant was not informed by the pleading that plaintiff would rely on this oral modification of the enlistment contract for recovery, and such pleading, together with the application of articles 3710 and 1906 to defendant's answer, entrapped the defendant and prevented him from having a trial of the only issue on which the plaintiff would be entitled to a recovery, to wit, whether the defendant, with knowledge of the terms of the contract of sale, as embodied in the written contract with the purchaser, Gill, authorized the plaintiff to execute such contract, thereby modifying to that extent the terms of the sale as fixed by the enlistment contract.

We think the court erred in permitting the case to take this turn over the objections of the appellant to the various proceedings through which such development resulted, and the judgment will for this reason be reversed, and the cause remanded for a new trial.