**SHELTON et al. v. LEMMON et al.**
**(No. 2384.)**

(Court of Civil Appeals of Texas. Amarillo.
Dec. 17, 1924. Rehearing Denied
Jan. 21, 1925.)

1. **Brokers ⬦86(1)—Evidence held to sustain finding realty broker's agency was terminated before negotiations involved were begun.**

Evidence *held* to sustain finding that agency of real estate broker was terminated before new agency taken and sale effected by a subagent under first agency.

2. **Principal and agent ⬦30—Agency for given period is terminated by expiration of such period without notice.**

Where agency is created to continue during given period, it is terminated at expiration of that period without notice.

*On Motion for Rehearing.*

3. **Brokers ⬦82(4)—Contracts ⬦346(12)—Plaintiff, having declared on express contract, may not recover on implied contract.**

Plaintiff declaring on an express contract cannot recover on an implied contract, and realty brokers, having pleaded express contract for certain period, may not recover on basis of implied contract thereafter.

4. **Estoppel ⬦107—In absence of pleading of waiver or estoppel, neither can be relied on for recovery.**

In absence of pleading of waiver or estoppel, neither can be relied on for recovery.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Action by J. E. Shelton and another against G. W. Lemmon and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

G. E. Lockhart, of Tahoka, for appellants.
Wilson & Douglas and Vickers & Campbell, all of Lubbock, for appellees.

JACKSON, J. This suit was instituted by J. E. Shelton and W. G. Cook, plaintiffs, against G. W. Lemmon and T. B. Duggan, defendants, in the district court of Lubbock county, Tex.

Plaintiffs allege as their cause of action that, at all the times covering the transaction in controversy, they were real estate brokers, engaged in selling land and receiving commission for their services; that about August 1, 1920, the defendant G. W. Lemmon was the owner of three leagues of land in Cochran county, Tex., and listed it with plaintiffs for sale, giving to them the exclusive agency, and agreed to pay plaintiffs 5 per cent. commission if they procured a purchaser; that, at the time of listing said property, it was also agreed that, if plaintiffs could procure an exchange satisfactory to defendant Lemmon, plaintiffs were to receive 2½ per cent. commission from said owner; that plaintiffs at once began ef-

forts to secure a purchaser; that, very shortly after the property was listed with them, they made an agreement with the defendant T. B. Duggan, whereby he became the subagent of the plaintiffs, and agreed to pay plaintiffs one-half of all commissions he received in the event he could sell or exchange the property; that on the 11th day of March, 1921, the defendant G. W. Lemmon canceled the listing contract he had with the plaintiffs, but plaintiffs alleged that before their said listing contract had been canceled, the defendant T. B. Duggan, as their subagent, had begun negotiations for the exchange of said three leagues of land, which resulted in the exchange and sale of said land by the defendant G. W. Lemmon to Mrs. J. E. Vickers and R. M. and J. W. Jarrott; that for this sale and exchange G. W. Lemmon paid to T. B. Duggan the sum of $2,608, and that Mrs. Vickers and the Jarrott brothers paid him an equal sum; that, by reason of the original listing with plaintiffs and the sublisting to T. B. Duggan by plaintiffs, and the sale and exchange of said lands brought about by the defendant Duggan, the plaintiffs became entitled to one-half of all the commission earned and paid in connection with said transaction.

The defendant G. W. Lemmon answered by demurrers, general denial, and admitted the payment to his codefendant, Duggan, of the sum of $2,608, but that he was not advised by plaintiffs or his codefendant that plaintiffs were entitled to any part of said commission, and knew nothing of any contract between the plaintiffs and his codefendant relative to sublisting said property by them to T. B. Duggan, and pleaded a cross-action against his codefendant for any sum he might be required to pay plaintiffs.

The defendant T. B. Duggan answered by demurrer, general denial, and specially, that about August 1, 1920, one of plaintiffs came to his office and represented that they had an exclusive agency for a short time on said land, and agreed that, if defendant would procure a purchaser, the plaintiffs would divide commission with him, but that no trade or deal was made; that thereafter, about the 11th or 12th of November, 1920, he met G. W. Lemmon in the town of Lubbock, and, in conversation relative to said lands, he stated to his codefendant that Shelton and Cook, a number of months before, had seen him in regard to said land, and represented that they had the exclusive agency for the sale thereof; that his codefendant informed him that plaintiffs had never had the exclusive agency for the sale of said land, and at the time of the conversation were not representing the said Lemmon, and had nothing to do with said lands; that thereafter, about the 12th day of March, 1921, after he had had some correspondence with his codefendant in regard to disposing of said ranch, his co-

defendant came to Lubbock and exhibited to him an agreement executed by plaintiffs, acknowledging that they had no claim'or right as agents or otherwise against the land of Lemmon; that subsequent to that the deal with Mrs. J. E. Vickers and the Jarrott brothers was worked up and consummated; that, if said plaintiffs ever had said land listed, their listing had expired long prior to the time defendant G. W. Lemmon employed the defendant Duggan.

The case was submitted to a jury on special issues with instruction from the court that, if the jury answered special issue No. 1 in the negative, they should proceed no further. Special issue No. 1 submitted by the court is:

"Was the land in question listed with the plaintiffs by defendant Lemmon at the time negotiations were begun by said Lemmon for the sale of the land to the Jarrott brothers and Mrs. Vickers?"

To which issue the jury answered in the negative. Upon this verdict the court rendered judgment for the defendants. The only error presented is the contention of appellants by proper assignments, under all of which they urge that the trial court committed error in rendering judgment for appellees on the finding of the jury, because the verdict of the jury is contrary to the uncontroverted evidence.

The defendant G. W. Lemmon testified:

"When I had this conversation with Messrs. Shelton and Cook along the last part of July, 1920, I told them, if they sold the land for me within 60 days, I would take $12.50 per acre. I did not give them the exclusive agency for that 60 days, I simply said, 'If you can sell it within 60 days for that price, either cash, or half cash and half notes, you can do so,' "

—and agreed to pay them a commission for their services. Lemmon further testified that he first met his codefendant, Duggan, about the 11th or 12th of November, 1920, and, in a conversation with his codefendant, he stated to him that Shelton and Cook had never had an exclusive agency on the land; that, at the time, they did not represent him in any way, and had nothing to do with the land.

The testimony of T. B. Duggan as to the conversation between him and his codefendant is substantially the same. Duggan also testified that plaintiffs told him in the summer of 1920 that they had an exclusive listing for a short time on the lands, and, if he could sell it on terms satisfactory to the owner, they would divide commission with him, to which he agreed.

[1, 2] Without summarizing further the testimony tending to support the finding of the jury, which testimony we ·concede is strongly controverted, we think the above is sufficient to show that a question of fact was made by the testimony on the issue as submitted by the court, and the determination of the facts is the exclusive prerogative of the jury, and we do not feel warranted in disturbing the verdict. It is true that the defendant G. W. Lemmon admits that he did not notify the plaintiffs that their agency had terminated, but, where an agency is originally created to continue during a given period, the expiration of that period operates to terminate the agency. Mechem on Agency, vol. 1, par. 550a, p. 394; C. J. vol. 2, par. 150, p. 527. The jury evidently found on the testimony of defendant Lemmon that the listing of the lands with the plaintiffs was for 60 days only, and, under the law, at the expiration of that 60 days the agency of plaintiffs would end.

It follows from this that the subagency of defendant T. B. Duggan ended with the expiration of the agency of his principal, and thereafter neither'plaintiffs or the defendant Duggan had any further agency by virtue of the agency contract alleged by plaintiffs against the defendant G. W. Lemmon.

We are of the opinion that the evidence is sufficient to support the finding of the jury, and the case is therefore affirmed.

On Motion for Rehearing.

Appellants in their motion for rehearing reassert the propositions relied on in their brief, and insist that this court committed error in holding in the original opinion that the evidence was sufficient to sustain the finding of the jury that the property in question was not listed with the plaintiffs for sale at the time that negotiations were begun by Lemmon for the sale of the property to Jarrott brothers and Mrs. Vickers, because the evidence is undisputed that, after the expiration of the 60 days which appellees contended was the time the listing contract was to continue, Lemmon and the appellants continued a course of correspondence with reference to the sale of the lands and assert:

"That, if the first contract limiting the employment to 60 days had never been made between appellants and Lemmon, yet with the correspondence that passed between them, and with the knowledge that Lemmon had, that these appellants were claiming to have a contract to sell the land, a contract would be implied, regardless of the 60-day contract that they first entered into."

[3] It will be noted that appellants did not plead any implied contract, but relied in their pleadings solely on an express contract. It is well settled that, if a plaintiff declares on an express contract, he cannot recover on an implied contract. Thornton v. Moody (Tex. Civ. App.) 24 S. W. 331; Krohn v. Heyn (Tex. Civ. App.) 14 S. W. 130; Braly v. Barnett, 34 Tex. Civ. App. 433, 78 S. W. 965; Wisbey v. Boyce (Tex. Civ. App.) 27 S. W. 590.

[4] It will also be observed that appellants pleaded neither waiver nor estoppel, and in

the absence of such pleading, neither can be relied on. Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979, and cases cited. The motion is therefore overruled.