## OAKLAND CEMETERY LOT OWNERS' ASS'N v. CASTLEBERRY.

### No. 10462.

Court of Civil Appeals of Texas. Dallas.

Jan. 18, 1930.

Rehearing Denied Feb. 15, 1930.

R. L. Stinnis, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

LOONEY, J.

W. E. Castleberry sued Oakland Cemetery Lot Owners' Association, a corporation, George W. Jalonick, and H. C. Early, president and secretary, respectively, of the corporation, to recover actual and exemplary damages for false arrest and imprisonment.

Defendants answered by general denial and pleaded specially that plaintiff was a trespasser upon the premises of the cemetery association at the time of his alleged arrest; that O. T. Smith, who made the arrest, a special 'officer authorized by defendant to police the cemetery and protect it from trespassers, had acted in good faith.

The case was tried to a jury, and in answer to special issues found in favor of plaintiff against the association, assessed in his favor $900 actual and $100 exemplary damages, but found in favor of defendants Jalonick and Early. The court rendered judgment in accordance with these findings, from which the association appealed.

Defendants present for consideration a number of assignments based on matters not likely to arise on another trial, and, as the case will be reversed and remanded, we will give consideration only to questions that, in our opinion, present reversible error and those that may subsequently arise.

The facts that constitute the background for this controversy are, in short, these: On May 23, 1891, the Oakland Cemetery Company was chartered for the purpose of maintaining a public cemetery, and owned, maintained, and in due form dedicated for burial purposes the cemetery in question, and prior to its sale to defendant association had sold and conveyed many lots and many burials had taken place therein. On November 29, 1924, the Oakland Cemetery Lot Owners' Association, defendant, was chartered by certain owners of lots in the cemetery, for the purpose of maintaining and caring for said lots, and on December 23, 1925, its charter was amended so as to authorize the acquisition, ownership, as well as the maintenance, of a cemetery. On December 31, 1925, the Oakland Cemetery Company, in due form, legally conveyed the cemetery to defendant associa-

tion; the conveyance contained, among other things, this language, to wit: "Said three tracts (the land constituting the cemetery) comprise all of the cemetery property of the grantor, and there is excepted therefrom such burial lots as have been sold and deeded away as shown by the cemetery records of the superintendent." All deeds to purchasers of lots by Oakland Cemetery Company contained the following language, to wit: "Subject, however, to the rules and regulations of said corporation, recorded in the books of said corporation in their offices in the City of Dallas, and to such changes and alterations in the same as may hereafter be lawfully made by said corporation and recorded in their said records." The company adopted comprehensive rules and regulations for the maintenance of the cemetery, and these were regularly adopted by defendant association after it became owner of the premises, and were in full force and effect prior to and at the time of the arrest of plaintiff.

The officers of defendant association, having received complaints that trucks were being driven through the cemetery, injuring its driveways, that flowers were being pulled, trees cut, property destroyed and stolen, and that other trespasses had been committed, employed O. T. Smith to police the grounds, secured his appointment as deputy sheriff of Dallas county, and gave him authority to prevent all kinds of trespassing in the cemetery, such as the throwing of trash or débris in the walks and driveways, the destruction of property, and generally to protect property and prevent disturbances and preserve peace and order.

Castleberry had worked in the cemetery for the Oakland Cemetery Company prior to the change of ownership, but for several years prior to his alleged arrest had been serving individual lot owners, in keeping their lots in proper condition, and at the time of his arrest was at work on a lot that belonged to a Mrs. Burton, who held title under a deed executed by the Oakland Cemetery Company that contained the provision above quoted subordinating the title to the operation of rules and regulations adopted by the company.

■ Under provisions of the statutes, Oakland Cemetery Lot Owners' Association as purchaser became successor to all the rights of Oakland Cemetery Company in the cemetery (article 921, R. S. 1925), was authorized to promulgate and enforce necessary rules, regulating the use of lots by purchasers and requiring same to be kept clean and in good order (articles 926, 927, R. S. 1925). All owners of lots in the cemetery at the time of the change of ownership became, by operation of the statute, shareholders in the purchasing association, were vested with the rights and privileges, and were burdened with the duties and responsibilities as such. Articles 920, 923, R. S. 1925.

Defendant association was not only authorized, but in fact was charged with a legal duty, to improve and properly maintain the cemetery, to protect the graves, monuments, trees, flowers, shrubs, and other property therein, from theft, injury, or destruction, to preserve the drive and walkways and require that same be kept free from trash, rubbish, or other obstructions, and generally to preserve order, and to this end was authorized to keep out or eject from the grounds all trespassers, or those who, by violating the rules and regulations, became trespassers, provided no greater force was employed than reasonably necessary to accomplish the purpose, and this would be true whether the conduct of the offending person did or did not constitute a violation of a penal ordinance or statute.

In view of another trial, we will refrain from any comment upon the value of the evidence, further than to say that it is conflicting on material issues and was, in our opinion, sufficient to sustain a verdict in favor of either party.

■ Defendant complains of the admission over its objection of certain prejudicial testimony. Plaintiff was arrested for trespassing, not in being wrongfully upon the premises, for it seems that the officers of the association did not object to owners having their lots worked and kept clean, but for his alleged refusal to comply with the regulations of the association, in that, he persisted, after being warned not to do so, in placing and leaving trash in the walks and driveways, and on adjoining lots, and in dragging the water hose over and breaking down flowers and shrubbery on other lots. Plaintiff put in evidence the deposition of O. T. Smith, the special officer who made the arrest, who testified to facts indicating clearly that plaintiff was at the time a trespasser. In this status, plaintiff was permitted to testify over defendant's objection that, after being threatened with arrest by Smith, he went to the office of the district attorney of Dallas county and sought advice. He said: "I did inquire of the District Attorney's office, after I was threatened with arrest, by explaining the case to them and Mr. Perry, the Assistant District Attorney, told me to go ahead and go to work, so I went back to work the next day." This evidence was clearly hearsay. The advice or opinion of the district attorney was evidently predicated upon the ex parte statements of plaintiff and was, in our opinion, prejudicial. By giving plaintiff advice to the effect that he could go back to work, the district attorney's office expressed the opinion, in effect, that plaintiff was in the right and that defendant was in the wrong in regard to the controversy. We do not think he should have been permitted to bolster his contention by this damaging hearsay upon the pivotal issue of the

case. See Texas Central R. Co. v. Eldredge (Tex. Civ. App.) 155 S. W. 1010, 1011; Hines v. Collins (Tex. Civ. App.) 227 S. W. 332, 338; Thompson v. Comstock, 59 Tex. 318, 320.

C. A. Fulps, witness for plaintiff, after testifying that he had formerly worked for defendant association, was permitted to testify, over defendant's objection, as follows: "As to why I resigned after working for the Association only five months, they (meaning the officials of the Association) would hold meetings out there at the cemetery on Saturday afternoons two or three times a month, and they wanted me to get a badge and gun and bluff people out of the cemetery."

We think this evidence was calculated to, and doubtless did, inflame the minds of the jury, for on no other theory can their verdict against the association for exemplary damages be accounted for.

Plaintiff introduced in evidence certain deeds executed by Oakland Cemetery Company, conveying lots in the cemetery to certain individuals; each deed containing the provision that it was subject to the rules and regulations adopted by grantor for the control and maintenance of the cemetery. After these deeds were in evidence, without objection, defendant filed a motion to strike them from the record, on the ground that in the absence of proof of the rules and regulations referred to in the deeds they were incomplete contracts. The court overruled the motion, defendant excepted, and has assigned error.

The assignment, in our opinion, is without merit, for the reason that the motion came too late; also for the reason that the rules and regulations were later introduced by the defendant, which rendered the error harmless, if in fact error was committed by the court. Independent, however, of these considerations, we do not think the court erred in refusing to strike out the deeds. If defendant desired to base any defense upon these rules and regulations, the burden rested upon it to make the necessary allegations and proof. We are of opinion, therefore, that deeds executed by cemetery company to purchasers of lots were complete contracts, and that it was not incumbent upon plaintiff to introduce in connection with these deeds the rules and regulations mentioned therein.

Before resting his case, plaintiff introduced in its entirety and without reservation the deposition of O. T. Smith, the special officer who made the arrest. The testimony of this witness makes out a clear case of trespassing against plaintiff that would have justified his expulsion from the cemetery grounds. Witness testified that he informed plaintiff that he would have to arrest him for trespassing if he persisted in doing his work in the manner he was doing it, and that plain-

tiff courted arrest and said that was just what he wanted the officer to do, that he was very abusive, cursed witness and the officers of the association—in fact, was guilty of conduct calculated to provoke a breach of the peace. In this situation defendant urges the proposition that plaintiff was concluded by the testimony of Smith, and will not be permitted to controvert the same.

It is quite true that plaintiff, by introducing in evidence the deposition, made Smith his witness, vouched for his credibility, and would not have been permitted to attack his general reputation for truth and veracity; but the authorities do not sustain the contention that he was thereby precluded from establishing by any other competent contradictory evidence the truth of any fact or facts in issue. See Pitman v. Holmes, 34 Tex. Civ. App. 485, 78 S. W. 961, 965; Hedges v. Slaughter, 61 Tex. Civ. App. 324, 130 S. W. 592; Western Union Teleg. Co. v. Vickery (Tex. Civ. App.) 158 S. W. 792, 794; Sparks v. Johnson (Tex. Civ. App.) 235 S. W. 975, 977; Jones on Evidence (2d Ed.) § 857.

The case is reversed and remanded for further proceedings because, in our opinion, the court committed error prejudicial to defendant, in admitting over its objection the testimony of plaintiff, and that of the witness Fulps, set out above.

Reversed and remanded.