## SHAW v. RYAN et al.
### No. 1676—6068.

Commission of Appeals of Texas, Section A. March 15, 1933.

L. H. Brittain, of Fort Worth, and Marshall & King, of Graham, for plaintiff in error.

E. G. Thornton, of Olney, and S. A. Penix, of Graham, for defendants in error.

CRITZ, Judge.

Rex Ryan and H. R. Stastny sued T. G. Shaw and H. L. Singleton in the district court of Young county, Tex., seeking to recover an oil and gas mineral assignment or lease covering 80 acres of land in such county. In the alternative, Ryan and Stastny sought recovery for the reasonable value of geological services alleged to have been rendered by them to Shaw and Singleton in the sum of $10,000. During the trial Ryan and Stastny abandoned the first count in their petition for recovery of the 80-acre lease, and the case was submitted to a jury on the second count; that is, the count for a money judgment. The jury answered the issues submitted to them, and the trial court entered a judgment for Ryan and Stastny against T. G. Shaw for $800, but denied any recovery against H. L. Singleton. On appeal by Shaw, this judgment was affirmed by the Court of Civil Appeals at Fort Worth. 41 S.W.(2d) 329. Judge Buck dissented. Shaw brings error.

It is shown by the record that Ryan and Stastny did certain geological work for Shaw looking to the discovery of favorable loca-tions for drilling a well for oil and gas in Young county, Tex. After the completion of the work, Ryan and Stastny entered into the following contract with Shaw:

"Ryan & Stastny, Consulting Geologists,
"Graham, Texas.

"February 11, 1928.

"Memorandum Agreement.

"This is to confirm a verbal agreement between T. G. Shaw, party of the first part and Rex Ryan and H. R. Stastny, parties of the second part.

"In consideration of geological services rendered by second party in the area of Henry's Chapel in southeastern Young County, Texas, first party agrees to pay second party two hundred ($200.00) dollars as a cash consideration and deliver an oil and gas lease assignment to an eighty acre tract of land, said eighty acres to be located within one-half mile of a well to be drilled or caused to be drilled by first party.

"In event this well is never drilled it is understood that the lease assignment will not be binding."

The above contract was duly signed by the parties, Ryan and Stastny signing in person, and Shaw's name was signed by his agent, H. L. Singleton.

The jury found that the well referred to in the contract was never drilled. The undisputed facts also show this. It is also undisputed that the 80-acre lease was never transferred by Shaw to Ryan and Singleton. Ryan and Singleton contend that they are entitled to recover the reasonable value of the services rendered by them to Shaw. They were sustained in this contention by the trial court and Court of Civil Appeals; Judge Buck dissenting as above stated. We agree with the dissenting opinion.

A reading of the above contract demonstrates, as a matter of law, that it was entered into as a complete settlement between the parties for the geological services mentioned therein. It is undisputed that the geological services mentioned in the contract are the same services involved in this suit. No issue of fraud or bad faith is involved. The contract, by its express terms, shows that Ryan and Stastny were to receive $200 as compensation for the services mentioned in the contract, and, in addition thereto, they were to receive an 80-acre lease within one-half mile of a well to be drilled by Shaw. The contract then in no uncertain terms provides that, if the well is not drilled, the lease assignment is not binding. Clearly, the legal effect of the contract is to make the $200 full payment for the services, unless a certain well is drilled; in which event Shaw is obligated to deliver the lease. The well was never drilled; therefore the $200 is all that

Shaw is required to pay under the contract. This is undoubtedly its effect and meaning. The legal effect of a contract is a question of law. It is undisputed that the $200 has been paid to, and received by, Ryan and Stastny.

We recommend that the judgments of the district court and Court of Civil Appeals be both reversed, and judgment here rendered for T. G. Shaw.

CURETON, Chief Justice.

The judgments of the district court and of the Court of Civil Appeals are reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.