## J. B. Devoe and others v. Dugald Stewart.

1—Plaintiff contracted to give his services, and defendants to furnish machinery and subsistence, in a joint enterprise of boring oil wells—the proceeds of which should enure one-eighth to plaintiff and seven-eighths to defendants. Plaintiff, alleging breach of contract by defendants and the consequent abandonment of the work, sued for the alleged value of his services, and attached defendants' property for the amount. *Held,* that by reason of defendants' breach of contract, attachment would lie on the *quantum meruit,* although the stipulated compensation was based on the proceeds of the enterprise. Had there been no breach by defendants, the plaintiff could have claimed no other compensation than that stipulated.

Appeal from Nueces. Tried below before the Hon. J. B. Carpenter.

The opinion of the court supplies a clear statement of the material facts.

The appellee was plaintiff below. The defendants were J. B. Devoe, G. O. Street and one Lindmark, operating under the style of Devoe & Co. Their operations for oil on Padre Island were conducted in 1866 and 1867, and this suit was brought in March of the latter year.

*Pryor Lea,* for the appellants.—The plea for abatement of the attachment ought to have been sustained.

Without abandoning the other grounds, special attention is now called to the two first positions, impugning the affidavit and bond for illegality, and leaving the attachment without

support. The plea raised the question, whether the character of the case allowed of an attachment?

The petition (verified by affidavit as required by law) presented this case: There was a special contract between appellants and appellee for their respective contributions in a common enterprise for boring wells to procure oil. Appellee was to have one-eighth of net proceeds. After much preparation and some progress, during five months, appellee abandoned the enterprise on the alleged ground that appellants had not fully complied with their obligations in the contract. On abandoning the concern, appellee brought this suit, and thereby claimed damages for the alleged value of his services, stating the time to be five months and the value to be one thousand dollars. The contract did not contain any provision for such an alternative charge for services. By a special agreement one mode of compensation was expressed, to the exclusion of all other modes. The contract was the necessary basis of the suit—and the claim for compensation, by a rate for services, assumed a different and independent foundation. In adjusting damages for breach of a special contract various modes might be adopted, and neither party can select and dictate a particular mode. An attachment can not be predicated on a special contract which does not have any pecuniary standard for calculating damages for injury. Neither party can assume another implied contract, and thereon predicate an estimate of damages. If such an assumption could be made under the special contract of this case, either party in any other case of partnership might make a similar assumption. Such a license would allow a party to any contract to make his own case, on which he could build an arbitrary estimate of damages. Such an estimate would not rest on any actual contract, either express or implied, as a measure of damages, and the amount would result from the arbitrary views of the claimant. Such a case precludes the idea of indebtedness, with certainty, or with an approximation to it, as contemplated in the law for attachments. Hence, in the present case, there could not be a legal

affidavit nor bond to sustain the attachment, and the plea for its abatement should have been sustained.

A latitudinous construction of the attachment law as to affidavits, would encourage unscrupulous abuse of the law, and the history of the present case manifests a necessity for a restraining construction. Appellee swore to an indebtedness of one thousand dollars. His own testimony, in its terms, and so the verdict, made out little more than half of the claimed amount. The extravagant claim of one thousand dollars led the sheriff to make an excessive levy, amounting in value, according to his return, to more than five times the amount of the verdict, and according to the proof to nearly twenty times the amount of the verdict. The record furnishes several other particulars, which show the grievous injuries that arose from the inflated claim of appellee—the difficulty and delay in replevying, which was necessary to save the property from waste and from sale, the actual injury to the property, and the ruinous effect on the enterprise.

In construing law good policy is a legitimate guide, and it may look to moral effects, and these require that the attachment law should be administered so as to preclude speculative affidavits of indebtedness.

Moreover, the use of attachments in collection cases may be restricted to those of plain and simple indebtedness, without jeopardizing the interests of creditors, because doubtful and complicated cases may be managed generally to greatest advantage by sequestrations and other remedial means of the courts.

But, from collateral reasoning, we may return to the words of the law, and therein find no provision to sustain an attachment on any claim of indebtedness, whose amount can not be verified by an affidavit nearly approaching precision. (Drake on Attach., 60 to 65 ; Dunning v. Humphrey, 24 Wend., 31 ; Lenox v. Howland, 3 Cane, 323; Wilson v. Wilson, 3 Gill, 192; Clark's Ex'rs v. Wilson, 3 Wash., c. c. 560 ; Willy v. Traiwick, 14 Tex., 662; Castro v. Whitlock, 15 Tex., 437; Monroe v. Watson, 17 Tex., 625.)

*Ballinger, Jack & Mott,* for the appellee.—It is insisted by the appellant that an attachment could not be legally sued out upon the cause of action presented by this petition.

The petition alleges the employment of appellee by appellants to perform certain work and labor, they agreeing to furnish provisions and implements to carry on the business; that appellant worked five months for the appellees under this contract, when from the entire failure of appellees to comply with their undertaking, he was compelled to abandon the said work; that his labor was of the value of $200 per month, or $1000 for the whole, and that appellees are indebted to him for the same in that amount, and he brings suit and prays judgment.

Nothing is better settled in the law of this State than that a party performing labor under a special contract, and prevented by the default of the employer from continuing and completing his contract, can sue for the value of the services actually rendered by him to the employer. (O'Connor v. Van Homme, Dallam, 429; Hillyard v. Crabtree, 11 Tex., 264; Carroll v. Welsh, 26 Tex., 149.)

The action of the common law was *indebitatus assumpsit,* upon the *quantum meruit* of the labor performed.

With us it is an action of debt or upon account, for the value of the labor. It is true the action is not liquidated and fixed, but it was upon the implied contract, for the debt, and is in no sense an action of tort or for damages.

In all such cases it is too well settled to admit now of discussion, that the ancillary remedy of attachment may be prayed. (Sayles' Practice, §§ 285, 286.

All that our statute requires is, that the case shall be of that character in which the plaintiff can make affidavit that the defendant " *is justly indebted* " to the plaintiff and the amount of the demand. (Paschal's Digest, Art. 142.)

The distinction in our statutes of a " liquidated " cause of action is too well known to admit of any argument that this was implied, when the act does no more than require affidavit to a just indebtedness for a specific amount.

And, so far as the subject is one of supposed policy, or construction, the court would certainly be at a loss to see any reason why the remedy of a party, by attachment, for five months' labor, should depend upon the previous stipulation of a price, and the party entitled to a *quantum meruit* for this labor shall be denied the remedy.

WALKER, J.—An agreement was entered into between the plaintiff and defendants, wherein it was stipulated that the defendants were to furnish machinery, implements and subsistence for hands, and the plaintiff give his services.    The purpose of the contract was to sink oil wells on Padre Island. The proceeds of the work, should there be any, were to be divided in the proportion of one-eighth part to the plaintiff and seven-eighths part to the defendants.  The plaintiff alleges that he labored five months at the business, and that defendants failed to contribute to the enterprise as agreed between the parties, and the work was abandoned; and he sues for $1000, alleging his services to have been worth that amount, and that the defendants, by withholding supplies, made it necessary to abandon the work.   Suit was commenced by attachment; and certainly a very large amount of property was attached to secure the debt.   The defendants replevied the property before sale, and claimed in reconvention of damages.   They moved on the trial to dismiss the attachment, but their motion was overruled.   They objected to the testimony of Nixon on the ground that he was on the attachment bond, and therefore interested in the suit.   The objection was overruled.   Trial was had, and resulted in verdict and judgment for the plaintiff in the sum of $520.

It is further insisted that this was not a proper case for attachment; the parties having entered into a special agreement, by which a special compensation was provided for plaintiff's services, none other could be resorted to, and plaintiff could not recover upon a *quantum meruit*.   This rule would obtain in

the absence of any breach by, the defendants, of their contract; but not otherwise.

But there was no statement of facts agreed to by the attorneys, nor certified by the judge, until after the term, and for this reason the appeal must be dismissed. (Poset., Art. 1581.) The judgment is affirmed, with damages and costs.

Affirmed.