C. H. McCORMICK & BROS. v. M. G. BUSH.

1. PRINCIPAL AND AGENT—CONTRACT.—When, by the terms of a contract between a principal and his agent, it is stipulated that the agent should receive ten per cent. on the entire amount of sales made by him, and that, if the principal should resume control, so that the agency would cease, then the agent should be paid "in proportion to the services rendered by him previous to the closing of his connection with their business," it was error to instruct the jury, in a suit by the agent whose agency had been so terminated, that he was entitled to recover whatever the evidence might show that his services actually performed were reasonably worth.

2. SAME—VERDICT.—When, under such a contract, the agent did not render the entire service for which ten per centum was agreed to be paid, and there was no evidence before the jury, on the trial of the suit brought by the agent, which would enable them to know what proportion the services rendered bore to those which would have been rendered had the entire service been performed, no verdict could properly be rendered in the case.

3. SAME—EVIDENCE.—In a suit by an agent against his principal, to recover compensation on account of sales made for the principal under a contract, by which the agent bound himself to sell to no one, except such as were reputed in their neighborhood to be responsible for the amount they would contract to pay, it is incumbent on the agent, in the absence of evidence that the money was collected, to establish that the articles were sold by him to men of that character.

4. INTEREST—CONSTRUCTION OF STATUTES—ACCOUNT.—The act of December 17, 1861, allowing interest upon accounts, when construed with reference to other acts passed at the same session of the Legislature, and in the light of the situation of the country at the time of their enactment, allowed interest, on accounts previously contracted, to be computed from the first day of January after the enactment of the law, as well as upon accounts that might be thereafter contracted.

APPEAL from Grayson. Tried below before the Hon. J. M. Lindsay.

This suit was brought by M. G. Bush, to the August Term of the Grayson District Court, 1868, against C. H. McCormick & Bros., for an amount of money, which he claimed he was entitled to under and by virtue of a written contract, made in 1859, with C. H. McCormick, executed by McKay, as McCormick's agent, for the sale of reapers, and reapers and mowers, to be furnished by McCormick. The contract is quite lengthy, and it is not perceived that there is anything in the opinion which renders its insertion necessary.

Bush claimed that, in 1860, the contract was continued in force, substituting the firm of McCormick & Bros. for C. H. McCormick, for the year 1860, and also for 1861. The record contains no evidence of McKay's authority to bind the firm of McCormick & Bros., prior to January 5, 1861, nor does it disclose how much, if any, of the services rendered by Bush were rendered before that date. The contract relied on, provided that the compensation of Bush, for services to be rendered, should be ten per cent. on the amount actually collected by him on sales made, but no commissions on sales should be allowed where purchasers of the machines failed to pay more than sixty-five dollars. The right to rescind the authority of Bush seems to have been retained in the portion of the contract in language copied into the opinion.

The court, among other instructions to the jury, gave the following, viz: "If you believe, from the evidence, that the plaintiff performed only a part of his undertaking under said agency, and that the part so performed by him was beneficial to defendants, and received by them, he will be entitled to recover whatever the proof shows the services actually performed by him were reasonably worth," &c.

There was a verdict and judgment for one thousand and sixty dollars, from which McCormick & Bros. appealed.

*Woods & Cowls*, for appellants.

*Walton, Green & Hill*, also for appellants.

*Hare & Bledsoe*, for appellee.—It is not enough that it is not clear that the verdict is right. It must be clearly wrong for the court here to disturb it. (Long *v.* Steiger, 8 Tex., 462; Gamage *v.* Trawick, 19 Id., 64; Briscoe *v.* Bronaugh, 1 Id., 340; Perry *v.* Robinson, 2 Id., 491; George *v.* Lemon, 19 Id., 152; Oliver *v.* Chapman, 15 Id., 410; Wells *v.* Barnett, 7 Id., 587; Edrington *v.* Kiger, 4 Id., 93.) It must also be remembered that this is the third verdict in favor of the plaintiff below.

The strangest position which possibly, as we conceive, could be taken was, that the plaintiff below, after Barnhill, the general agent of appellants, and Porter, their attorney, had taken the claims out of his hands, and he was allowed to exercise no further control over them, that it was still incumbent on him to find out whether, or rather how many of, said claims Porter and Barnhill had collected sixty-five dollars upon, in order to recover in the suit. If they had failed to collect that amount on any of them, it was a fact peculiarly within their own knowledge, and should have been set up as a matter of defense by them, if it was any defense at all, which we do not admit; for by the terms of the contract between Bush and C. H. McCormick, which was continued with the appellants, they reserved the right to take the notes, accounts, &c., out of his hands whenever they saw fit; but in case they did so, they agreed to pay him a reasonable compensation, and the proof was that ten per cent. was reasonable, and there was no testimony to the contrary. The clause about the sixty-five dollars related only to the completion of the contract by appellee; that is, in case he made the sales, took notes, and made collections. In that case, if the collections did not amount on any machine to sixty-five dollars, he was to receive nothing. But there was a very different stipulation in the contract, in case the business was taken out of his hands. "It is further mutually agreed," &c.,

"and in case of taking these papers and matters into his own possession and control, said McCormick shall account to said Bush in proportion to the services rendered," &c. This clause in the contract is in addition to the clause about the sixty-five dollars, and entirely independent of it. The words, "it is further mutually agreed," show that it can have no reference to the former part of the agreement about the amount to be collected before any compensation can be claimed, but is simply a provision to compensate Bush in case the matters are taken out of his possession. We contend that all charges asked or given by the court on this subject, which intended to convey the idea that it was incumbent on the appellee to show what amount had been collected by appellants after the matter had been taken out of his possession, were erroneous.

MOORE, ASSOCIATE JUSTICE.—The judgment in this case must be reversed, on account of the insufficiency of the evidence to warrant the verdict, and also for the instructions given the jury by the court.

To warrant a recovery by the plaintiff, upon the grounds of action alleged in the petition, it was incumbent upon him to establish, not only the fact that he was employed by the defendants, or by some one authorized to contract for them, to act as their agent, as charged in the petition, but also, that he had rendered the defendants the services for which he claims compensation, and the amount of compensation to which he was entitled, by the terms and stipulations of said contract, for the services thus rendered.

By the terms of the contract, as alleged in the petition, and as exhibited by the instrument of writing given in evidence by the plaintiff, and upon which he, in part, relies to maintain the action, it will be seen that the entire compensation which plaintiff was to receive for all the services to be performed by him, was only for ten per centum of the amount which, from the time, to wit, he might actually col-

lect on account of the sales made by him as defendants' agent, provided, however, that no commissions whatever should be allowed him in cases where parties purchasing reapers, or reapers and mowers, failed to pay more than sixty-five dollars. It is also expressly stipulated in the contract, that the defendant "should at all times have the right to the exclusive and entire control over all orders, contracts, notes, assets, and accounts, accruing and growing out of the sales of said machines," and, in case the defendants should take "these papers and matters" into their own possession and control, "they should account to and pay plaintiff in proportion to the services rendered by him previous to the closing of his connection with their business."

It is not pretended that the plaintiff rendered the entire service for which it is stipulated in said contract he should be paid ten per centum of the amount actually collected; but his action is based upon the fact, that the defendants took said business out of plaintiff's hands before its final completion. Evidently, therefore, the plaintiff, by the language of the contract, has no right to claim the same compensation for the services actually rendered, as was to have been paid him had the business remained in his hands, and he had fully completed and wound it up. By the contract, he agreed to accept, for the services actually rendered, the proportional value with that which it was stipulated he should receive for the entire service which he agreed to render.

An examination of the statement of facts shows that there was no evidence whatever, submitted to the jury, from which they could determine the compensation to which plaintiff was entitled. The verdict of the jury, therefore, is not only unsupported by the evidence, but no verdict whatever in plaintiff's favor could be properly rendered upon it. The error in the verdict is not, however, justly attributable to the jury. It resulted, no doubt, from the instructions of the court, to the effect, that should the jury find in favor of the plaintiff, they should allow him the reasonable value of the services

which he had rendered.   And as plaintiff had been permitted to testify that the services which he performed for defendants, as their agent, were reasonably worth ten per centum on the gross amount of sales of said machines made by him for them, the verdict was but the legitimate conclusion to be deduced from an application of the instruction of the court to the evidence; but although this instruction would have been strictly correct and appropriate, in the absence of a contract between the parties, it was clearly inapplicable to this case, and, in effect, gave the plaintiff a different and greater amount of compensation for the services performed than he agreed to accept by his contract.

We are also of the opinion that it was incumbent upon the plaintiff to have furnished evidence, tending to prove that the parties to whom he sold the machines, on account of which he brought this suit, were generally reputed in their neighborhood to be responsible for the amounts for which he contracted with them.   He was only authorized by the contract to sell to men of this character, and it was necessary for him to prove this fact, to throw upon the defendant the burthen of showing that the claims could not be collected.

The construction placed by the court upon the act of December 17, 1861, allowing interest upon accounts, was, in our opinion, altogether erroneous.   When the act is considered in connection with other laws passed at the same session of the Legislature, and in the light thrown upon them by recurrence to the situation of the country at the time they were enacted, we think it quite obvious that it was the purpose of the Legislature to allow interest on accounts previously contracted, from and after the first day of January, after the enactment of the law, as well as upon such as should be contracted subsequent to its enactment; nor can we see that the Legislature was not fully authorized to enact such a law, if it saw fit to do so.

The judgment is reversed and the case remanded.

Reversed and. Remanded.