## BENNETT et al. v. GILES. (No. 12058.)

Court of Civil Appeals of Texas. Fort Worth. Dec. 1, 1928.

Kilgore, Rogers & Montgomery, of Wichita Falls, for appellants.

Melville E. Peters, of Wichita Falls, for appellee.

DUNKLIN, J. L. I. Bennett and M. S. Bennett, doing business under the partnership name of K. M. A. Fuel Oil Company, instituted this suit against G. L. Giles to recover $800 on an account for fuel oil sold to the defendant by the plaintiffs. An itemized account was attached to plaintiffs' petition showing different sales made, beginning May 15, 1925, and ending September 14, 1925.

In addition to a general denial, the defendant pleaded specially that on or about May 1, 1925, he visited plaintiffs' office, for the

purpose of arranging for the purchase of fuel oil to be used by the defendant in drilling an oil well on a tract of 20 acres of land situated in Willbarger county, and on which the defendant then held a lease; that he exhibited to the plaintiffs a plat of that tract and offered to sell to them a lease on a designated portion thereof, consisting of 10 acres, for $100 an acre; and that said offer was accepted by the plaintiffs, who then and there agreed to purchase from the defendant the lease on said 10 acres and to pay him therefor $100 or $1,000 in the aggregate.

It was further alleged that the 10 acres, the lease on which the plaintiffs agreed to purchase, was an offset to the remainder of a 20-acre tract and on which the defendant was drilling a well at the time.

The defendant further alleged that plaintiffs had paid to him the sum of $730 by delivering to him fuel oil, that being the value of the oil shown in the itemized account attached to plaintiffs' petition, and that said payment was made as a part of the purchase price of the oil lease on the 10 acres which plaintiffs agreed to purchase.

The defendant specially denied plaintiffs' right to recover for 44 barrels of oil, on account of the fact that he had already paid for the same, and that he should be allowed a further credit of $33 on the account attached to plaintiffs' petition by reason of the inferior quality of 22 barrels of the oil charged for therein. Defendant also alleged a counterclaim against the plaintiffs for the difference between $1,000, the alleged purchase price of the 10-acre lease, and the value of the oil which plaintiffs delivered to the defendant; but this counterclaim was later withdrawn and dismissed by the defendant.

Upon the trial of the case, the court submitted to the jury the following special issue: "Was it agreed by and between plaintiffs and defendant that plaintiffs should furnish fuel oil to defendant and accept in payment therefor the ten-acre lease in question?"

In response to that issue, the jury returned a finding in the affirmative, and upon that finding judgment was rendered, denying plaintiffs any recovery, and they have prosecuted this appeal.

By a supplemental petition in reply to defendant's answer, plaintiffs invoked the Statute of Frauds (Rev. St. 1925, art. 3995), and alleged that by reason thereof the defendant was not entitled to any relief upon the alleged agreement on their part to purchase the 10-acre oil lease, which agreement was in parol, and the performance of which the defendant was seeking to enforce. That defense is strongly relied on by appellants here, while appellee urges that the alleged agreement was pleaded as a bar to plaintiffs' action, and therefore did not come within the provisions of the Statute of Frauds. While defendant did not allege that plaintiffs' agreement to purchase the lease was in parol, the evidence offered by him to establish that agreement shows that it was not in writing but was a parol agreement only.

Further evidence offered by defendant tended to show that a plat of 10 acres was exhibited to plaintiffs at the time of the alleged agreement to purchase fuel oil from them, and that plaintiffs agreed to accept a conveyance of an oil lease on the same in payment for the fuel oil to be furnished to the defendant thereafter; and that prior to and at the time of the trial the defendant tendered to plaintiffs a conveyance of valid title to that lease, which they refused to accept. Plaintiffs, both before the trial and in their testimony on the trial, denied that they had made the alleged agreement to purchase the lease in controversy.

Plaintiffs' cause of action was based upon an alleged implied agreement on the part of defendant to purchase and pay for the fuel oil shown in the account and to pay the reasonable value thereof in money. But the finding of the jury was that the defendant purchased the oil under an agreement between the parties that he was to pay therefor by conveying to plaintiffs the 10-acre oil lease. If there was an express agreement of purchase and sale, as found by the jury, then plaintiffs could not recover on the alleged implied contract of defendant to pay the reasonable value of the oil in money. It is said in 6 R. C. L. p. 589: "As in physics two solid bodies cannot occupy the same space at the same time, so in law and common sense there cannot be an express and an implied contract for the same thing existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree, that the law interposes and raises a promise."

In bar of plaintiffs' suit, defendant pleaded his offer of a conveyance to them of the 10-acre oil lease and their refusal to accept it. The same tender was made in his pleadings as a continuing offer to perform his agreement to convey the lease to plaintiffs. That plea was in the nature of a plea of payment for the fuel oil furnished to him by plaintiffs.

If the contract between the parties was one of barter and exchange, as found by the jury, and if it be said that plaintiffs' suit, at all events, is one to recover back the amount they had paid under the contract, and if it be further said that by reason of the Statute of Frauds defendant's parol contract to convey to plaintiffs the 10-acre lease would be unenforceable in any action thereon by him, and that his answer to the suit amounted to such an action, yet that statute could not be successfully invoked by plaintiffs as an excuse for not accepting the lease, since the defendant offered to comply with his obligation to convey the same to them.

In Schechinger v. Gault, 35 Okl. 416, 130

P. 305, also reported in Ann. Cas. 1914D, 468, the following was said: "If a promisor or vendor is ready and willing to perform and carry out the sale of land in accordance with his oral agreement, he cannot be compelled to give up or pay for the consideration received, on the sole ground that he could not be compelled to perform." In support of that holding the court cites a multitude of authorities, and many others to the same effect are cited in a note to the decision appearing on page 471, Ann. Cas. 1914D. Also see Colorado Lumber, etc., Co. v. Dustin, 38 Colo. 398, 87 P. 1142, 120 Am. St. Rep. 126; 25 R. C. L. p. 722; 27 Corpus Juris, p. 361.

■ However, the agreement between the parties of barter and exchange, as found by the jury, was not specifically alleged in the defendant's answer, nor were the allegations in the answer sufficiently broad to present that issue. On the contrary, in one portion of the answer it was alleged that the plaintiffs' agreement to purchase the oil lease was made prior to the sale to defendant of the fuel oil by the plaintiffs. Notwithstanding that state of the pleadings, the defendant introduced ample proof to sustain the findings of the jury, and no objection to that evidence was made by appellants on the ground that the defendant had not alleged such an agreement. But appellants did object to the submission of the issue to the jury, and one of the grounds of objection was that the issue was "not supported either by pleading or proof."

By reason of appellee's failure to plead the agreement found by the jury, and on which the judgment was based, the judgment of the trial court will be reversed and the cause remanded.

■ The record shows that at the time the agreement of barter and exchange, as found by the jury, was made, the defendant did not have title to the 10-acre lease, but he had contracted therefor from the owner of the fee, conditioned upon the drilling of a well by the defendant to a certain depth. The contract and the lease promised by the owner of the fee had both been placed in escrow in a bank. According to the testimony of defendant, he later complied with the conditions for delivery of the lease, and the same was delivered to him, and he complied with the obligations imposed on him embodied in that instrument necessary to perfect his title to the lease. The contract and lease from the owner of the fee were introduced in evidence over the defendant's objection, and error has been assigned to those rulings. The grounds of objection included the contentions that plaintiffs, not being parties to those instruments, could not be affected thereby; and that their introduction was an effort to enforce a parol agreement to convey an interest in real estate contrary to the provisions of the Statute of Frauds. It is our conclusion that those objections were untenable, since the defendant had the right to show that he was ready, willing, and able to comply with his obligation to convey a valid title to the alleged 10-acre oil lease and thereby bar a recovery on the alleged implied contract to pay money therefor.

The plat, which defendant alleged was exhibited to the plaintiffs at the time the alleged contract of barter and exchange was made, did not specifically indentify the alleged 10-acre lease, and the same would have been an insufficient description if the defendant's suit had been for specific performance of the alleged agreement of plaintiffs to purchase the same, yet we believe that what was indicated on the plat, in connection with all the testimony offered by the defendant, reasonably tended to identify the particular 10 acres which the defendant alleged plaintiffs agreed to purchase, for the purpose of defeating the plaintiffs' right to recover on the implied contract alleged in their petition.

■ Since the contract of barter and exchange as found by the jury was not made an issue in the pleadings of either plaintiffs or defendant, we shall not undertake to determine whether or not the proof offered by the defendant was admissible to show title in him, or sufficient to show that he offered to plaintiffs a conveyance of a valid title to the 10-acre lease. However, we deem it proper to say that upon another trial of the cause, if the defendant puts that contract in issue, it will be incumbent upon him to show an offer of conveyance to plaintiffs of a valid legal title to that lease. Of course, it will be necessary that proof of such title be made according to the rules governing in cases where the burden is upon a party to prove title to land, but such proof would not be subject to the objections urged by the plaintiffs that it is hearsay and therefore inadmissible, and that it was inadmissible by reason of the fact that defendant's agreement to convey title to the lease was in parol, and therefore not in compliance with the Statute of Frauds.

■ We deem it proper to say further that in the event the defendant sees fit to plead and rely on the contract found by the jury, then the plaintiffs will be entitled to submit to the jury the issue tendered in one of their requested issues, in substance, embodying the inquiry whether or not the amount of fuel oil which defendant was to receive from the plaintiffs was agreed upon between the parties, and, if so, how much oil he agreed to accept in exchange for the 10-acre lease, since that would be an essential element of the agreement of exchange.

It is to be observed further that the finding of the jury of the agreement between the parties for an exchange of fuel oil for the 10-acre lease has not been attacked by appellants as being unsupported by the evidence.

Reversed and remanded.