## HAMILTON v. SHIRLEY–SELF MOTOR CO.

No. 14844.

Court of Civil Appeals of Texas. Fort Worth.

May 23, 1947.

Rehearing Denied June 20, 1947.

King, Dawson & Jones, of Wichita Falls, for appellant.

Bullington, Humphrey & Humphrey and Frank Ikard, all of Wichita Falls, for appellee.

McDONALD, Chief Justice.

On and prior to June 10, 1939, Henry Hamilton, Inc., was the agent for the sale of Chrysler and Plymouth automobiles in the City of Wichita Falls. On that date it sold its business to Shirley-Self Motor Company. The latter concern was what we might term a distributor, or wholesale agent. Prior to that time several persons had made deposits with Henry Hamilton, Inc., under agreements that such deposits would later be applied to purchases of automobiles from the latter. As a part of the transaction between Henry Hamilton, Inc., and Shirley-Self Motor Company, an agreement in writing was executed by the two parties, which set out the names of those who had deposits with Hamilton, and the amount of each deposit, and provided that Hamilton would keep such deposits, and that Shirley-Self would deliver cars to those who had made such deposits, through Hamilton, in such manner that Hamilton

would receive the customary dealer's commission on the sales.

Thereafter two of the cars were delivered to Hamilton's customers, and no issue concerning those cars is involved in this suit.

As is commonly known, the sale of new cars was prohibited after January of 1942, by laws, rules and regulations promulgated by the federal government, except to such persons as should obtain certain required certificates authorizing purchase of cars. It is undisputed that no demand was made by Hamilton, or by those who had made such deposits (except the two above mentioned), for the delivery of any automobiles between June 10, 1939, and the date when said rationing program became effective. As is also commonly known, the rules governing rationing of automobiles were terminated on or about May 26, 1945.

Henry Hamilton, Inc., has been dissolved, and the plaintiff Henry Hamilton, appellant in this court, has succeeded to all the rights of the corporation in the premises. For convenience, Henry Hamilton, Inc., and Henry Hamilton, individually, are both referred to herein as Hamilton.

Henry Hamilton filed suit against Shirley-Self Motor Company on July 25, 1946, seeking specific performance of the contract to deliver automobiles, or in the alternative seeking judgment for damages in the sum of $3,150, alleged to be the amount of the commissions payable to him under such sales. In a trial without a jury, the court rendered judgment that plaintiff take nothing by his suit, from which judgment plaintiff has appealed, relying on six points of error.

The trial court filed separate findings of fact and conclusions of law. The findings of fact are in substance as follows: (1) That the parties entered into the contract above mentioned. (2) That one car was delivered thereunder on July 1, 1939, and another on August 10, 1939. (3) That no further demand was made by Hamilton for delivery of cars until the month of October, 1943, when Hamilton by a letter to Shirley-Self demanded delivery of automobiles as provided for in the contract, but did not present the required certificates of necessity. (4) That from the date of the contract, June 10, 1939, to the date in January of 1942 when sales were forbidden by federal regulations except on certain conditions, Shirley-Self was able and willing to deliver the cars referred to in said contract. (5) That from January of 1942 until May of 1945 it would have been unlawful to sell such cars without a certificate of necessity from the proper government officials. (6) That 102 cars were delivered by Shirley-Self to other customers, after Hamilton made demand for delivery by a letter written in January of 1946, which number amounted to about 30 per cent of the number of cars received by Shirley-Self during the year 1941. (7) That Hamilton's depositors had made demand on him for delivery of cars, one of them making a demand in 1943, and the others making demands at later dates. (8) That it is the custom among some automobile dealers to keep a list of customers who make payments for future delivery of cars without dates of delivery being specified, some deposits being left with the dealers for periods of as long as 8 or 10 years, but that there was no custom to keep deposits for as long as 8 or 10 years. The conclusions of law are in substance as follows: (1) That the contract of June 10, 1939, does not provide for any time of performance, and therefore will be construed as intended to be performed within a reasonable time. (2) That Hamilton did not request delivery of the cars within a reasonable time, and, therefore, that any claims he might have had are barred by laches and limitations. (3) That Shirley-Self was ready, willing and able to deliver the automobiles during the last six months of 1939, and during all of 1940 and 1941; and since the date sales of new automobiles were "frozen" by the federal government the position of Shirley-Self and the condition of the automobile market has greatly changed and it would be inequitable to require it to perform under the contract. (4) That under all the facts no liability exists on the part of Shirley-Self for delivery of the automobiles.

Under his first point of error appellant contends that the trial court erred

in holding that the contract did not provide for time for performance, and so must have been intended to be performed within a reasonable time. Appellant argues that the contract did provide for a time of performance, to wit, when those who had made deposits with Hamilton should demand delivery of cars. We disagree with this contention. To uphold appellant's contention, we should have to say that appellee could be called on to perform at some date far in the future, regardless of how long the time might be, when the depositors should decide to call for delivery of cars. "Where the contract does not fix a time for performance the law implies that it is to be performed within a reasonable time * * *." 10 Tex.Jur., p. 413. Such an implied condition would be read into the contracts between Hamilton and his depositors, in the absence of a specified time limit therein, and would likewise be read into the contract between Hamilton and Shirley-Self. "A reasonable time has been defined to be such time as is necessary conveniently to do what the contract requires to be done, and as soon as circumstances will permit. Reasonable time depends on the circumstances in each case, including the nature and character of the thing to be done and the difficulties surrounding and attending its accomplishment. Reasonable time is a question of fact for the jury, unless it depends upon the construction of a contract in writing or upon facts which are admitted or undisputed." 10 Tex.Jur., pp. 414, 415. The record amply supports the findings by the trial court to the effect that the contract was performable within a reasonable time, and that Hamilton had a reasonable time, within the two and a half year period between the date of the contract and the time sales were prevented by federal regulations, to have called for delivery of the cars. The demand made in 1943 was ineffective, because sales of the cars would then have been unlawful, and demand was not again made until about the end of the year 1945, which was some six and a half years after the contract was made. It would be unreasonable to hold, under the circumstances of this case, that Shirley-Self was still bound to deliver cars on demand of Hamilton and his depositors at so late a date, just as it would be unreasonable to hold that the depositors would still be obligated to accept delivery of cars to them, had Hamilton or Shirley-Self called on them to buy new cars and apply the deposits on them.

The second point of error, to quote it, is: "The court erred in holding in the first two conclusions of law, in effect, that a written contract must be performed in two and and a half years." What we have just said is applicable to this contention.

The third point is as follows: "The court erred in holding that after the lapse of two and a half years any claim that Hamilton might have was barred by laches and limitations, because as a matter of fact it was barred by neither." Although the court in its conclusions does use the terms laches and limitations, neither of said terms is precisely applicable in the case before us. The essence of the findings of the trial court is that the contract was performable within a reasonable time, and that Hamilton did not call for performance, which is to say that he did not perform his part of the contract, within a reasonable time. The obligation of Shirley-Self to perform under the contract ceased by reason of the expiration of a time limit which the law impliedly wrote into the contract. There is no question of limitations in the case. Under the undisputed evidence, it could not be said, even under appellant's theory of the case, that there was any breach of the contract on the part of Shirley-Self before refusal to deliver cars in the early part of 1946. So, it could not be said that any cause of action arose on the contract before that time. The law of limitations governs the time for filing suit after a cause of action arises, rather than the time for performing a contract.

Other questions are raised by the parties, including the question of impossibility of performance during the war period and its effect on the rights of the parties, but we think that the judgment is fully supported by the findings as to reasonable time for performance of the contract.

The judgment of the trial court is affirmed.