## McFAULL v. COLLINS.

### No. 9687.

Court of Civil Appeals of Texas. Austin.
Jan. 21, 1948.

Rehearing Denied Feb. 4, 1948.

Olga H. Lapin, of Kilgore, Wood & Wilcox, of Georgetown, and Wynne & Wynne and Philip Brin, all of Longview, for appellant.

Woodville J. Rogers, of San Antonio, for appellee.

HUGHES, Justice.

Appellant, Clarence McFaull, owned the patent for a machine invented by Kirk Knight for use in cutting down trees in a scissor-like manner.

On November 29, 1945, appellant entered into a contract with appellee, H. L. Collins, under which appellee was made general manager of the Giant Tree Shears Company (the name under which appellant operated) for a period of one year, appellee to devote all of the time necessary for the proper

management and supervision of such company. As to appellee's compensation, the contract provided: "In consideration of the services rendered by Collins he shall be paid 33⅓% of all net profits of the Company made during the term of this Contract monthly as they accrue whether such profits be derived from the sale of machines and equipment in the United States or foreign countries. It is understood that in consideration of the services of Collins that he will receive 33⅓% of the net profits derived from the sale of patents, or patents pending, which may pertain to the Tree Shears or similar equipment, if McFaull should sell any of these patents, or patents pending, within one year from the date of this Contract."

In March 1946, appellee was wrongfully discharged by appellant and brought this suit to recover the value of his services performed under the contract.

The contract made no provision for calculating the damage to either party in event of its breach.

It is undisputed that no profits accrued from the enterprise during the year covered by the contract.

Trial was without a jury and judgment was rendered against appellant for $6,200. No findings of fact nor conclusions of law were requested or filed.

Appellant predicates his appeal upon two Points: (1) The trial court erred in awarding recovery for the value of appellee's services since they were of no benefit to appellant; and (2) the trial court erred in awarding recovery upon quantum meruit, for the reason that the contract stipulated the compensation to be paid.

■ The second point is not well taken.

■ In Carroll v. Welch, 26 Tex. 147, the measure of damages to be applied here is included in the following excerpt from that case: "According to the modern decisions and the decisions of this court, the rule appears to be, that if the employee abandons his contract the employer shall be charged with only the reasonable worth, or the amount of benefit he has received upon the whole transaction, and in estimating the amount, the contract price cannot be exceeded. The former is allowed to recover for his part performance, its reasonable worth, not to exceed the contract price, and the latter to recoup or reconvene his damages for the breach of contract by the former. Where the employee is discharged without cause, or is prevented by the employer from completing the performance, he is entitled to recover for the part performed, and the damages he has sustained by reason of the breach of contract, by the employer. If both parties have broken the contract or there has been a mutual abandonment of it by both parties, the employee is entitled to recover the reasonable worth of the services he has rendered the employer."

In Devoe v. Stewart, 32 Tex. 712, the parties made an agreement by which plaintiff was to furnish his service and defendant was to furnish machinery, etc., for the purpose of sinking oil wells on Padre Island. Compensation for the parties was to be in the proceeds or profits. After plaintiff had labored for five months defendant defaulted and plaintiff brought suit for the value of his services. In allowing a recovery the court said: "It is further insisted that this was not a proper case for attachment; the parties having entered into a special agreement, by which a special compensation was provided for plaintiff's services, none other could be resorted to, and plaintiff could not recover upon a quantum meruit. This rule would obtain in the absence of any breach by the defendants, of their contract; but not otherwise."

For an interesting historical note on this question see 5 Texas Law Review, 225. See also 45 Tex.Jur., 326; Matson v. Stewart, Tex.Civ.App., 124 S.W. 736; and Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 103.

Appellant relies upon City of Wichita Falls v. Long, Tex.Civ.App., 167 S.W.2d 792, which states the general rule that no recovery upon a quantum meruit can be allowed under an express contract which fixes the compensation for services rendered. No question of wrongful termination of an entire contract was involved in that case and hence it has no application here.

Travis v. Kennedy, Tex.Civ.App., 66 S.W.2d 444, is also cited. In this case the con-

tract did not provide for specific compensation and recovery was allowed on quantum meruit.

In Allison v. Wheless, Tex.Civ.App., 84 S.W.2d 529 (Writ Dis.), suit was by a broker to recover a commission. The listing expired before a purchaser was found. No wrongful termination of the contract was involved.

In Shaw v. Ryan, Tex.Com.App., 58 S.W. 2d 3, the contract expressly provided that if a certain well was not drilled the agreement to deliver plaintiff a lease was not binding; thus the contract was not breached by failure to drill the well and damages for services performed were not recoverable.

We have carefully examined Bennett v. Giles, Tex.Civ.App., 12 S.W.2d 843; McCormick v. Bush, 47 Tex. 191; Armstrong v. Cleveland, 32 Tex.Civ.App. 482, 74 S.W. 789; Shropshire v. Adams, 40 Tex.Civ.App. 339, 89 S.W. 448; and Kocher v. Mayberry, 15 Tex.Civ.App. 342, 39 S.W. 604, all cited by appellant, and find that they are not inconsistent with the right of appellee to recover upon quantum meruit under the facts of this case.

■ Appellee having been wrongfully discharged it was not incumbent upon him to prove that the services rendered by him were of any value to appellant. Carroll v. Welch, supra; Hedges v. Slaughter, 61 Tex.Civ.App. 324, 130 S.W. 592, 593; 45 Tex.Jur., 339.

In Hedges v. Slaughter, after quoting from Carroll v. Welch, the court held: " * * * If, in any of the contingencies stated in the rule quoted above, Hedges is entitled to recover for the services he rendered, then the value of his services would be determined by the usual rule, regardless of whether or not they were of actual value to Slaughter."

Our holding, however, is not entirely dependent upon the application of this rule for the evidence is sufficient to sustain an implied finding in support of the judgment that the services rendered by appellee were of some benefit to appellant.

Appellee testified that he had been an engineer about twenty-one years, having studied at Purdue University and having graduated from the Radio Engineering School at Seattle, Washington, and having completed the required course in advanced mathematics at Cleveland College, Cleveland, Ohio. That he had been employed by General Motors, Monarch Company, Hoover Company, Champion Pecan Company, and, during the war, was manager of all engineering in the states of Oklahoma, Louisiana and Texas for the War Production Board. That after this contract was entered into he redesigned the machine according to basic engineering principles, so that it would withstand the work that it was intended for without breakage. He incorporated several new ideas of his own. He put on removable blades. After working drawings were made he constructed a model, and tested the machine. He completed three machines and had a total of seven or eight in various stages of completion when he was discharged by appellant. He established an office in San Antonio and obtained national and international publicity in many magazines. He provided, at his own expense, stenographic help, assistants and draftsmen.

On January 6, 1946, appellant wrote appellee a letter in which he stated: "Well here is news for you. I had a delegation out here to see me about buying the deal out and I could of sold it out for enough to make you have heart trouble, so that made me feel pretty good for these people know the business."

It is also shown that immediately after appellee was discharged that appellant entered into a contract with one Ussery, a mechanic, for manufacture of the machine.

Appellee testified that his services were worth from ten to fifteen thousand dollars and another professional disinterested engineer, Mr. John N. Clark, Jr., testified such services were worth $10,500.

■ This evidence is sufficient to show that appellee made substantial contributions to the enterprize to the benefit of appellant. Benefits are not necessarily measured by financial gain. If so, every laborer and materialman furnishing services or materials under circumstances authorizing suit upon quantum meruit would be defeated upon

a showing that the project involved resulted in financial loss to the owner or employer.

The judgment of the trial court is affirmed.