C. S. ADAMS, Jr., et al., Appellants,

v.

BIG THREE INDUSTRIES,
INC., Appellee.

No. 7888.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 17, 1977.
Rehearing Denied March 17, 1977.

Will Sears, Michael T. Powell, Sears & Burns, Houston, for appellants.

Charles R. Vickery, Houston, for appellee.

DIES, Chief Justice.

Plaintiffs below, C. S. Adams, Jr., individually, and Cyril S. Adams, Inc., sued defendant, Big Three Industries, Inc., for the breach of five contracts and sought to recover actual and exemplary damages sustained thereby, attorney's fees, and prejudgment interest. We shall refer to the parties as Adams, Jr., Adams, Inc., and Big Three.

Trial was to a jury, and the court below rendered judgment that Adams, Inc., recover actual and exemplary damages and prejudgment interest. Adams, Jr., recovered nothing by reason of his suit, and all parties have appealed.

At the outset, and for the sake of lending clarity to our disposition of the issues involved, we outline the facts which led up to this lawsuit. Briefly, the facts are that Big Three builds and operates air separation plants which separate air into oxygen, nitrogen, and argon, and then sells same in liquid or gaseous form. Adams, Jr., is, as was his father before him, a registered professional engineer, who offers his services in drafting the plans for plants such as Big Three operates. Both Adams, Jr., and his late father offered their services through the aegis of Adams, Inc., however, and in this form have performed numerous civil engineering contracts for Big Three over a period of twenty to thirty years. Subsequent to the death of Adams, Sr., Big Three apparently became dissatisfied with the work performed by Adams, Inc., and eventually the relationship was ended by, at least, some of the contract breaches made a part of this suit. Since liability under three of the contracts sued upon is conceded by Big Three, we will confine most of our discussion to the two which are disputed.

Adams, Jr., and Adams, Inc., complain of the trial court's action in disregarding the jury's answers to Special Issues Nos. 1 and 7 and in rendering judgment that Adams, Jr., take nothing as against Big Three.[1] By

1. In answer to Special Issue No. 1, the jury found that, as to the Bayport Plant No. 1 contract, Big Three contracted with both Adams, Jr., and Adams, Inc. In Special Issue No. 7, the jury found that Big Three agreed with both

disregarding these issues, the trial court disallowed attorney's fees on the ground that, at the time of the making of the contracts at issue, corporations could not recover attorney's fees under *Tex.Rev.Civ. Stat.Ann. art. 2226.*[2]

■ Adams, Jr., being the only shareholder, employee, officer and director of Adams, Inc., argues that the corporation is only "a piece of paper" in the office of the Secretary of State and, in effect, urges that the "corporate veil" should be pierced and attorney's fees thereby permitted.[3] We disagree.

It is obvious that Adams, Jr., deliberately chose to operate his business as a corporation, and we are of the opinion that it would be inequitable now to allow him to recover attorney's fees as an individual. See *Eastwood Model Market v. State,* 359 S.W.2d 294, 296 (Tex.Civ.App.—Austin 1962), affirmed, 365 S.W.2d 781 (Tex.1963), wherein the Austin Court of Civil Appeals stated:

> "A corporation cannot be used when it benefits the stockholders and officers and be disregarded when it is to the advantage of the organizers to do so."

■ While Adams, Jr., vigorously argues to the contrary, we are also of the opinion that *Tenneco Oil Company v. Padre Drilling Company,* 453 S.W.2d 814, 820 (Tex.1970), clearly holds that—at the time these contracts were made—corporations could not recover attorney's fees under *Art. 2226* for personal services rendered. In so holding, then Chief Justice Calvert explained that personal services and labor done by the employees of one corporation in performance of a contract with another corporation are not "services rendered" for the latter.

The personal services rendered and labor done by those employees are rendered and done *for their own employer. Tenneco Oil Co., supra,* at 820.

We now proceed to consider the contentions of the parties as to the proper basis of recovery under the contracts in question. The Bayport I contract was an express written contract whereas Bayport II was based on an oral agreement. Adams, Jr., and Adams, Inc., sought to recover in quantum meruit as to the written contract and on the contract itself as to Bayport II. We will first consider the written contract for Bayport I.

■ While the jury found that the reasonable value of the services performed on Bayport I was $50,000, the trial court limited the recovery for same to the agreed contract price of $36,000. Adams, Inc., relying on, among other cases, *McFaull v. Collins,* 208 S.W.2d 142 (Tex.Civ.App.—Austin 1948, writ ref'd), contends that the trial court erred in so doing on the ground that Big Three's repudiation of the contract freed it from the contractual fee.

In *McFaull, supra,* at 144, however, the plaintiff was wrongfully discharged and so prevented by his employer from completing the performance agreed upon. We believe this—and other cases cited by Adams, Inc. —to be distinguishable from the case at bar in that as to Bayport I, Adams, Inc., was not discharged *prior to completion of his part of the contract*[4] *and the contract expressly set out the fee to be paid.* Big Three's repudiation of this contract lay solely in its refusal to pay the agreed fee after Adams, Inc., had performed its part of the contract. Under these circumstances, quantum meruit is not available to Adams, Inc.

---

Adams, Jr., and Adams, Inc., for engineering services for Bayport Plant No. 2.

**2.** *Art. 2226* has since been amended to include corporations.

**3.** The following facts, however, are undisputed: (1) Big Three's checks were always deposited in the Adams, Inc., account; (2) Accounts Receivable from Big Three were carried as assets

in the financial statements of Adams, Inc.; (3) invoices submitted to Big Three for engineering services were from Adams, Inc.; (4) all income received from Big Three was reported by the corporation.

**4.** In answering Special Issue No. 5, the jury found that there was no cost to Big Three to complete engineering services for Bayport I.

In *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964), Justice Culver set out the applicable rule as follows:

"Recovery on an express contract and on quantum meruit are inconsistent. Where there exists a valid express contract covering the subject matter, there can be no implied contract."

In *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427, 429 (1945), in an analogous factual situation, our Supreme Court rejected a similar argument for quantum meruit recovery, saying:

"It follows that there is no basis for the application of the doctrine of quantum meruit in this case. A recovery on that ground would be recovery of what the agent's services were worth. The contract expressly covered that subject by providing for a very substantial commission to the agent for all its services, . . . The amount of compensation was not left to implications, but was definitely fixed. For the court to determine what the agent's services were worth would be for it to make a contract for the parties. That, of course, it cannot do. *Tennant v. Fawcett*, 94 Tex. 111, 58 S.W. 824; *Fordtran v. Stowers*, 52 Tex.Civ. App. 226, 113 S.W. 631; *Bennett v. Giles*, Tex.Civ.App., 12 S.W.2d 843."

See also, *Freeman v. Carroll*, 499 S.W.2d 668, 670 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *University State Bank v. Gifford-Hill Con. Corp.*, 431 S.W.2d 561, 574 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

We, therefore, find that the trial court properly limited the recovery of Adams, Inc., to the $36,000 contract price and, accordingly, overrule all points of error complaining of this action.

As to the parties' oral contract for engineering services in re Bayport II, it is undisputed that the fee agreed upon was $30,000. Adams, Inc., here sued to recover on the contract rather than in quantum meruit.

Big Three complains, inter alia, that the trial court erred in allowing recovery of the $30,000 contract price because this oral con-tract was barred by the Statute of Frauds. We sustain this point.

*Tex. Bus. & Comm. Code Ann. § 26.01 (1968)* provides, in pertinent part:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

"(b) Subsection (a) of this section applies to

\*     \*     \*     \*     \*     \*

(6) an agreement which is not to be performed within one year from the date of making the agreement; . . . ."

■ In considering the contract before us, we bear in mind the general rule governing the applicability of *Sec. 26.01* to oral agreements, i. e., where the time for performance of a contract is uncertain in that the same merely provides for performance of a particular act or acts, which can conceivably be performed within one year, the statute of frauds is inapplicable however improbable performance within one year might be. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12, 15 (1957); *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974); cf. *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795 (1961).

■ It is equally clear, however, that when no time for performance has been specified, a "reasonable time" will be implied, and what is a reasonable time must be determined from all the circumstances, the situation of the parties, and the subject matter of the contract. *Krueger v. Young*, 406 S.W.2d 751, 756 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.); *Cheek v. Metzer*, 116 Tex. 356, 291 S.W. 860, 863 (1927). Where an agreement, by its terms or the nature of the performance required, cannot be performed within one year, it necessarily comes within the purview of the statute. *Krueger v. Young, supra*, at 755.

If, as here, the contract is not a written one and depends upon disputed facts, the determination of what constitutes a reasonable time is a question of fact. *McRae v. Lindale Independent School District*, 450 S.W.2d 118, 122–123 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.); *Hamilton v. Shirley-Self Motor Co.*, 202 S.W.2d 952, 954 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n. r. e.).

■ In the case at bar, a jury finding was secured to the effect that the oral contract could not have been performed or completed within one year, and there is ample evidence in the record to support this conclusion. As the Supreme Court said in the *Hall Case* (308 S.W.2d at 15):

"In the first place, and despite the strict requirement that impossibility of performance within one year must appear from the terms of the contract, we see no reason why the mere fact of duration of performance being *implied* keeps the contract from being within the statute. . . . What is implied in a contract is as much one of its terms 'as though expressly set forth therein'. *Cheek v. Metzer*, supra, 291 S.W. 860, 863.

"In the second place, the fact that the law recognizes an implication of reasonable time of performance in a given contract does not mean that the latter is necessarily indefinite in this behalf so as to escape the statute." (emphasis in original)

Viewing all the circumstances surrounding this contract and according due deference to the jury's finding, we have concluded that the implied term of performance for this contract was in excess of one year and thus same is rendered unenforceable under the Statute of Frauds (*Sec. 26.01*).

■ In addition to its other claims, Adams, Inc., sought and did recover exemplary damages, having alleged as the basis therefor that Big Three maliciously withheld payment of sums due it for other completed projects—some $70,000—in retaliation for its filing of the case at bar. While Big Three admitted withholding payment, it denied doing so because Adams, Inc., filed this lawsuit.

Big Three contends that the trial court erred in awarding exemplary damages based on the jury's answer to Special Issue No. 14 because there was no evidence to support the finding and a breach of contract will not justify exemplary damages.

Special Issue No. 14 was submitted and answered as follows:

"Do you find from a preponderance of the evidence that the refusal of Big Three Industries, Inc., to pay the last five installments to Plaintiffs [Adams, Jr., and Adams, Inc.] on its Victoria contract and all of the installments on its Santa Susanna and West Palm Beach Liquefier contracts was a willful, deliberate and malicious refusal, done for the purpose of attempting to harm Plaintiffs and embarrass them financially and for the purpose of oppressing and coercing Plaintiffs, solely because of the original filing of this lawsuit?

"Answer 'Yes' or 'No'

"Answer <u>Yes</u>"

In *A. L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629, 631 (1943), Chief Justice Alexander, speaking for the Court, set out the applicable rule as follows:

"The jury found that the seller was harsh and unreasonable in its dealings with the purchaser, and that its acts in cancelling the contract were willful and oppressive, and were accompanied with malice. Based upon these findings, the trial court allowed a recovery for exemplary damages, and the Court of Civil Appeals affirmed the judgment. We are not in accord with this holding. *The rule in this State is that exemplary damages cannot be recovered for a simple breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice.*" (emphasis added)

Justice Pope in *McDonough v. Zamora*, 338 S.W.2d 507, 513 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.), further explained the ramifications of this rule, saying:

"Punitive damages are not recoverable in actions for breach of ordinary commercial contracts, though the breach is brought about capriciously and with malice. . . . To this rule there are certain exceptions, some of which are well recognized, and others of which are uncertain. . . . First, punitive damages are available in an action for breach of promise to marry. . . . Second, such damages are allowed against public service companies when they breach a duty they assume by contract. In these instances, there is usually a duty imposed by law, or there may be a tort independent of the contract. . . . Third, as expressed by Judge Pleasants in *Southwestern Telegraph & Telephone Co. v. Luckett*, 60 Tex.Civ.App. 117, 127 S.W. 856, 857: 'The allegations upon which the * * * breach was committed by the defendant *amounted to a tort for which an action would lie for exemplary damages, independently of any right to recover actual damages by reason of the breach of contract alone.'* In other words, one may not be limited to a contract measure of damages if he actually pleads and proves a tort which is in addition to or coincident with a contract breach. It has been said that punitive damages are permitted when a breach is accompanied by 'willful acts of violence, malicious or oppressive conduct.' . . *However, it is suggested that those descriptive words may be symptoms of an independent tort, and that there must be something more than a malicious and oppressive breach of contract, for even an intentional breach of contract is not punishable by punitive damages.*" (emphasis added, citations omitted)

See also, *Seegers v. Spradley*, 522 S.W.2d 951, 957 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Boswell in Hughes*, 491 S.W.2d 762, 763–764 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.).

That the jury found Big Three's breach of the completed contracts to have been malicious in nature is, under the above cited authorities, insufficient to entitle Adams, Inc., to an award of exemplary damages.

Intentional and malicious as this breach may have been, it was still merely a wrongful refusal to pay sums owed. There was no accompanying abusive or oppressive conduct which could constitute a tort, independent of the breach itself. Thus, under the foregoing authorities, the trial court erred in awarding exemplary damages to Adams, Inc.

■ The final point of error we consider concerns the action of the trial court in awarding prejudgment interest as to each of the contracts involved. Since we have previously determined the Bayport II contract to be unenforceable, we will deal only with the four contracts remaining.

The trial court's judgment and the interest awarded included, as follows:

(1) $70,000 on the Victoria, Santa Susana and West Palm Beach contracts with six percent interest from May 10, 1970 —the date of breach—to judgment date.

(2) $36,000 on Bayport Plant No. 1 contract with six percent interest from April 10, 1969—date of breach—to judgment date.

Big Three contends that the prejudgment interest thereby granted was improperly awarded. We disagree.

In the leading case of *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897), our Supreme Court pronounced the rule we follow, saying:

"[C]ourts have recognized the fact that compensation for detention of that which is due on account of injury inflicted is an element of damages necessary to the complete indemnity of the injured party; and the courts have, by analogy, adopted the legal rate of interest fixed by statute as the standard by which to be governed in assessing damages for the detention of money. . . .

\* \* \* \* \* \*

"[I]n all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted, the person entitled to recover has also the

right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him. . . . "

For more recent cases in accord with the above cited rule, see *Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80, 95–96 (Tex.1976); *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83, 92 (1955); *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

Big Three and Adams, Inc., have other points which we find to be without merit and they are, accordingly, overruled.

We affirm the judgment of the trial court insofar as it awards to Adams, Inc., the contract price of $36,000 for Bayport I and $70,000, collectively, on the Victoria, Santa Susana and West Palm Beach contracts. The award of prejudgment interest as to these contracts is likewise upheld. The judgment denying any recovery to Adams, Jr., is affirmed. That part of the judgment allowing recovery on Bayport II and awarding exemplary damages is reversed and judgment hereby rendered that plaintiff Adams, Inc., take nothing as to these.

Judgment affirmed in part, and in part reversed and rendered.

STEPHENSON, J., not participating.